

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00198-CR

_____

JEFFERY DUANE MERRITT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 22131

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Jeffery Duane Merritt was convicted, on a guilty plea subject to a plea bargain, to possession of a controlled substance (methamphetamine), in an amount of less than one gram, in a drug-free zone. In this case, the trial court sentenced Merritt to two years' imprisonment, to run concurrently with a federal sentence. Merritt was also convicted of two other offenses, both of which are also before this Court in separate appeals.[1] Although the case was a plea bargain, Merritt asked the trial court for permission to appeal the imposition of consecutive sentences as opposed to concurrent sentences. The trial court granted permission to appeal that issue.

Merritt was represented by appointed counsel at trial and by different appointed counsel on appeal. Merritt's appellate attorney has filed a brief in which he concludes that after a review of the record and the related law, this appeal is frivolous and without merit.

Appellate counsel summarizes the issue in his brief and states that he finds no error preserved for appeal that could be successfully argued. The brief contains a professional evaluation of the record. This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Merritt on February15, 2008, informing Merritt of his right to examine the entire appellate record and to file a pro se response. Counsel simultaneously

---

[1]*See Merritt v. State*, Nos. 06-07-00196-CR and 06-07-00197-CR.

2

filed a motion with this Court seeking to withdraw as counsel in this appeal. This Court notified Merritt that any pro se response was due on or before March 17, 2008. Merritt has neither filed a response, nor has he requested an extension of time in which to file such a response.

Merritt has been granted the limited right to appeal the trial court's decision to impose consecutive sentences rather than concurrent sentences. In this case, Merritt's sentence is to run concurrently with a federal sentence, not consecutively. Our review has not revealed any reversible error.[2]

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted: April 17, 2008
Date Decided: April 22, 2008

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Merritt in this case. No substitute counsel will be appointed. Should Merritt wish to seek further review of this case by the Texas Court of Criminal Appeals, Merritt must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.